*384
The opinion of the court was delivered by

Mr. Justice JYott.

The first ground taken for a new trial in this case is: Be* Cause there was no legal proof of the orignal plan of the town. The proof was the testimony of several respectable witnesses, that they had, .for a great many years past seen a map, purporting to be the plan of the village of Lancaster; that it had often been referred to as such, by persons wishing to have a survey of lots; that, it had been traced into the hands of the plaintiff ill this case, since which it had never been seen; he could have produced it, if it were not the true plan of the village. In ad-., dition to this, were the resolution of the legislature of 1801, •directing such a village to be laid out; the resolution of 1808, recognizing it and directing it to be recorded, and the certificate of the secretary of state, that such a plan had been recorded, pursuantto the resolution of the legislature The court is satisfied that the testimony was sufficient to authorise a verdict establishing that fact,
The second ground is: Because there was proof that there was another original plan, antecedent to the one established by the. verdict.
The third ground is: Because the act not referring to any precise plan, is void for uncertainty.
These two grounds may be considered together. The only evidence ^of the existence of the first plan contended for, was that the owners of the land had, without any particular authority, caused-two streets to be laid out at right angles with each other; that they had given them names and had alsonam ed the village. But it did not appear that any other streets had ever been laid out, or that any plan of the villagt had ever been delineated upon paper. It is not now necessary to go into the inquiry, whether an individual can lay out a village on his own land and dedicate certain portions of it to public use as streets; for the same individuals afterwards applied to the legislature to lay out a village under their authority, which was accordingly done. And there can be bo doubt after the legislature had required a village to be laid out, and had directed the plan tó be recorded, but that the act of 1820, *385 directing the streets to be opened according to the original plan, must be construed to have relation to the plan thus di-, rected to be made out and recorded.
The fourth ground is: Because the jury should have found either that the streets were public property at the time of the passage of the act of 1820, or that the freehold was in M'Kenna until that time.
The only question which was or which could have been submitted to the jury was, whether a plan of the town had ever been made out in pursuance of the resolution of the legislature. The conclusion to be drawn from the establishment of that fact was a question of law, which belonged exclusively to the court to determine, and ought not to have been submitted to the jury.
The two last grounds submit to tLe consideration of the' court, the constitutionality of the act of 1820, which directs the streets to be opened.
The right to declare an act of the Legislature void which conflicts with the constitution, has been frequently recognised by the court; such a power results from the organization of our government. The constitution is the supreme law of the land. It is the law which the judges are sworn to support in preference to all others. But to declare an act of the legislature fo' be void, is an exercise of the highest authority that can belong to a judicial tribunal. It ought not therefore to be exercised, except where the necessity is clear and manifest. But the court do not discover in this case any such violation of the. constitutional rights of the plaintiff.
The village was laid out in the year 1802, with the consent of the owners of the land. The plaintiff became.a purchaser from those persons several years afterwards. The deeds under which he claims, calls for the village of Lancaster; they call for certain streets in that village, the names of which are. not to be found any where, except in the map . now established. These streets had then, by a resolution of the legislature and the consent of. the owners of the land, been dedicated *to the use of the public, of which he must have had notice when he pur- *386 ¿based. He purchased therefore subject to this claim of the public. The question does not arise, whether private property can be taken for public purposes without making compensation. The act only appropriates to the use. for which it was originally intended, property already dedicated to public purposes, and over which the plaintiff was exercising an unreserved authority. The court below therefore was correct in dismissing the prohibition. With regard to the expediency of the measure, that was a question for the consideration of the legislature. It is a subject over which they still have the same controul aud may suffer them again to be enclosed, if the public good does not require them to be kept Open. The motion must be refused.
C'lendinen, and Hill, for motion.
St D. Miller, contra.
Johnson,, Huger, and Richardson, Justices, concurred..